WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derek Bluford, | No. CV-23-01587-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Birkholz, | |
| Respondent. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied (Doc. 10). Neither party has objected to the R&R and the time for filing objections has run.[1]

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not

---

[1] The Clerk's office mailed a copy of the R&R to Petitioner's address listed on the docket and it was returned as undeliverable. The Magistrate Judge also went the extra step of locating Petitioner within the Bureau of Prisons and sending a second copy to him at his address listed in that system. That copy was not returned. Thus, the Court assumes Petitioner receive a copy of the R&R and nonetheless did not timely object.

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[2]

There being no objections,

**IT IS ORDERED** that the R&R (Doc. 10) is accepted.

**IT IS FURTHER ORDERED** that the Petition in this case is denied and dismissed, with prejudice, and the Clerk of the Court shall enter judgment accordingly.[3]

**IT IS FINALLY ORDERED** that the Clerk of the Court shall send a copy of this Order and the Judgment to Petitioner at both the address listed on the docket and the address listed for Petitioner in Doc. 10 at page 7.

Dated this 8th day of March, 2024.

James A. Teilborg
Senior United States District Judge

---

[2] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), citing *Campbell*. Fed. R. Civ. P. 72(b), Notes of Advisory Committee on Rules—1983 citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. Because this case is not within this limited context, this Court follows the Ninth Circuit's *en banc* decision in *Reyna-Tapia* on the standard of review.

[3] No ruling on a certificate of appealability is required under 28 U.S.C. § 2241. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).